NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| FRANCK LOLAGNE<br><br>                    Plaintiff,<br><br>vs.<br><br>SEARS, ROEBUCK & CO., MICHAEL LENOX,<br>RON DAVIS and PAUL COSTIC,<br><br>                    Defendants. | Civ. No. 04-3768(WGB)<br><br>**M E M O R A N D U M<br>O P I N I O N** |

APPEARANCES:

Timothy D. Speedy, Esq
JACKSON LEWIS LLP
220 Headquarters Plaza
East Tower, 7th Fl
Morristown, New Jersey 07960

        Attorneys for Defendant SEARS, ROEBUCK & CO.


Franck Lolagne
3 Stander Lane
Thiells, NY 10984

        Pro Se

**BASSLER, SENIOR DISTRICT JUDGE:**

        Plaintiff filed this action against his former employer,
Sears, Roebuck & Co ("Sears") and three of his supervisors while
working at Sears.  Plaintiff claims that he was terminated from
his employment of 32 years because of his age.  Defendant Sears
now moves for summary judgment.

        The Court has jurisdiction over this action pursuant to 28
U.S.C. §§ 1331 and 1367.

For the following reasons, the Court grants Defendant's summary judgment motion.

I. <u>BACKGROUND</u>

Plaintiff began working for Sears in May 1971.  He was promoted within the Company numerous times.  Complaint ("Compl") ¶ 1.  While working at Sears, Plaintiff acquired his Associate's Degree and his BA Degree in Organizational Business Management.  Compl. ¶¶ 8, 11.  He won several awards for his work performance, including a 13" and a 19" color television and an all-expense paid cruise.  Compl. at ¶¶ 12, 13.  Plaintiff held the positions of stockman, assistant receiving manager, sales manager, store operations manager, technical manager, and in 1999 Plaintiff was asked to manage Sears's Maywood, New Jersey branch.

Plaintiff claims that in 2003, after he informed his supervisor that Plaintiff was interested in applying for an open position within the company, his supervisor visited his store and subsequently put him on a Plan for Performance Improvement ("PPI").  Plaintiff's supervisor informed him that he was being put on a PPI because "both selling floor and back of house were not to standard."  Affidavit of Timothy D. Speedy ("Speedy Aff.") Ex. F; see also Compl. at ¶ 23.  Before that time, Plaintiff claims that management never indicated that his performance was substandard and Plaintiff's store was rated "good" in a September 2002 audit.  Compl. at 20, 23.

Subsequently, Lolagne received another PPI in May 2003 for not correcting the problems that were complained about on the initial PPI.  The May 2003 PPI stated that the physical condition of the store still failed to meet Sears's expectations and noted that leadership issues were the driving force behind Lolagne's inability to move his sales force to comply with the standards. Speedy Aff. at Ex. H.  Lolagne claims that he was not provided with the means to improve his store's conditions because Michael Lenox, the District Operations Manager, had cut the working hours of personnel at Lolagne's store.  Compl. ¶31.  Lolagne, further claimed that he had requested more merchandise from Stanley Hudowalski, the District Manager responsible for merchandising, but Hudowalski was nonresponsive to his requests.  Compl. ¶ 32.

In September 2003, Lolagne received his final PPI and subsequently was terminated October 31, 2003 after Sears claimed that he continued not to perform up to its standards.

## II.  DISCUSSION

### A.  The McDonnell Douglas Test

To assess an employer's entitlement to summary judgment in lawsuits arising under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621-634, the Supreme Court established a three-step process in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973).  Under that process, an employee must first establish a prima facie case of discrimination.  Then, the burden shifts to

3

the employer, who must produce evidence that the adverse
employment decision was made for a legitimate nondiscriminatory
reason.  Id. at 802.  The employer's burden is one of production,
not persuasion, and must involve no credibility assessment.
Lastly, if the employer produces sufficient evidence to support a
nondiscriminatory explanation for its decision, the employee must
be afforded the opportunity to prove by a preponderance of the
evidence that the legitimate reasons proffered by the defendants
were pretext for discrimination.  Id.

To establish a prima facie case of age discrimination under
the ADEA, Plaintiff must show: 1) he is a member of a protected
class; 2) he was performing his job at a level that met the
employer's legitimate expectations; 3) he was affected by an
adverse employment action and 4) the adverse employment action
occurred under circumstances giving rise to an inference of age
discrimination.  Ambruster v. Unisys Corp., 32 F.3d 768, 777 (3d
Cir. 1994).  Plaintiff cannot establish a prima facie case of age
discrimination under the ADEA because he fails to prove that he
was performing his job at a level that met his employer's
legitimate expectations.  On Plaintiff's PPIs, Sears complained
of the physical condition of Plaintiff's stores and Plaintiff's
lack of leadership skills.  Plaintiff does not argue that his
selling floor and back house were clean, Plaintiff contends that
his store was as "good as it could look."  Plaintiff's Deposition

4

Transcript ("Pl. Dep.") at 68:21-22.  Plaintiff asserts that his store, unlike other stores, was too big for his employees to be able to take care of the customers and keep the store clean.  Pl. Dep. at 63:8-13.

In an age discrimination case, the employer's perception matters; an employee's view of his performance is irrelevant.  De Laski v. Merrill Lynch, Pierce, Fenner & Smith, 65 Fed. Appx. 368 (3d Cir. 2002); Thornley v. Penton Publ., 104 F.3d 26, 29 (2d Cir. 1997)("[w]hether job performance was satisfactory depends on the employer's criteria for the job-not the standards that may seem reasonable to the judge or jury.").  Plaintiff attempts to focus the Court's attention on his inability to get needed merchandise, however, his inability to get merchandise does not explain the uncleanliness of Plaintiff's store.  Furthermore, the Court finds that cleanliness appears to be a reasonable and legitimate expectation for a retail store, which seeks to persuade its customers into buying its products.  Therefore, Plaintiff cannot satisfy a prima facie case of age discrimination.

Even if Plaintiff met his burden of establishing a prima facie case of age discrimination, his repeated failures to remedy his performance deficiencies provided sufficient, nonpretextual justification for his termination.  Plaintiff-based on his own statements-cannot dispute this fact.

5

If initially Plaintiff had established a prima facie case, the burden would then shift back to Plaintiff after Sears provided a nondiscriminatory reason for Plaintiff's termination. Plaintiff would then have to show that Sears's proffered reason was pretext for age discrimination.  Windfelder v. The May Department Stores Co., 93 Fed. Appx. 351 (3d Cir. 2004).  To survive summary judgment at the third step of the McDonnell Douglas test, the employee must submit evidence from which a factfinder could reasonably either 1) disbelieve the employer's articulated legitimate reasons, or 2) believe that an invidious discriminatory reason was more likely than not a motivating or determinative cause of the employer's action.  Warner v. Fedex Ground Package System, Inc., 2005 U.S. App. LEXIS 8173 (3d Cir. 2005).

If the employee argues that the employer's articulated reason should be disbelieved, the employee must show, not simply that the employer's proffered reason was wrong, but that it was so plainly wrong that it could not have been the employer's real reason.  Id., at *4.  If the employee seeks to overcome the employer's purported nondiscriminatory reasons by arguing that discrimination played a motivating role in the employer's decision, the employee must point to evidence that proves discrimination in the same way that critical facts are generally proved-based solely on the natural probative force of the

evidence.  Id., at *5.

Plaintiff has not demonstrated such "weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions" in Sears's proffered legitimate reasons for its actions or proven that age was a determinative factor in Sears's employment decision.  Keller v. Orix Credit Alliance, Inc., 130 F.3d 1101, 1108 (3d Cir. 1997).  Plaintiff's reliance on the sole statement of Marianne Birarelli, a regional sales manager for Sears, regarding Plaintiff's age is insufficient to prove that Plaintiff's performance evaluations were pretextual.  Warner, 2005 U.S. App. LEXIS 8173, at *10.  In addition, Plaintiff's failure to show that he was replaced by an individual significantly younger than he was undermines his position.  See, Kohn v. AT&T Corp., 58 F. Supp. 2d 393 (D.N.J. 1999).  Plaintiff's replacement was only four years younger than Plaintiff.[1]  Sears's Memorandum of Law ("Sears Mem.") at 7.  Plaintiff's conclusory allegations are insufficient to defeat a motion for summary judgment, and his claims for age discrimination are dismissed.

_____

[1]Plaintiff's claim is undermined further by his own contention that Defendants actually put him on a PPI to keep him at his facility because he "was running a very difficult store, and with [his] experience, [he] was needed in that store."  Pl. Dep. at 53:1-4.  This assertion contradicts his argument that he was discriminated against because of his age.

7

**B.  Law Against Discrimination and Title VII Claim**

The Law Against Discrimination ("LAD") and Title VII prohibit discrimination "because of race, creed, color, national origin, ancestry, age, sex, affectional or sexual orientation, marital status, familial status, liability for service in the Armed Forces of the United States or Nationality."  Taylor v. Metzger, 152 N.J. 490 (1998) (citing N.J.S.A. 10:5-3); Andrews v. Philadelphia, 895 F.2d 1469, 1482 (3d Cir. 1990).  In assessing discrimination claims under the LAD, the court follows the same three-step, burden shifting analysis developed under the federal anti-discrimination laws:

> (1) the plaintiff must come forward with sufficient evidence to constitute a prima facie case of discrimination;
> (2) the defendant then must show a legitimate non-discriminatory reason for its decision; and
> (3) the plaintiff must then be given the opportunity to show that defendant's stated reason was merely a pretext or discriminatory in its application.

Mandel v. UBS/PaineWebber, Inc., 373 N.J. Super. 55, 69 (App. Div. 2004) (citing N.J.S.A. 10:5-1, et seq.).

In reviewing a claim for hostile work environment, the Court considers the totality of the circumstances.  Lehmann v. Toys 'R' Us, 132 N.J. 587, 607 (1993).  Conduct must be "sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment."  Id. at 608.  As discussed above, Plaintiff does not dispute that his selling floor and back house were clean, he argues that they were

8

as clean as they could be because of the size of his store, the lack of personnel and his inability to get the merchandise he needed. supra 4-5.  Therefore, the conduct of Plaintiff's supervisors–by putting Plaintiff on PPIs for the uncleanliness of his store–cannot be deemed so severe and pervasive as to constitute harassment.  Plaintiff has failed to meet the standard to prove that Defendants' actions violated Title VII or the LAD.

### C.   Wrongful Discharge

Plaintiff's common law claim for wrongful discharge is preempted by the LAD.  A party's common law claim is duplicative if it does not protect an interest "in addition to or aside from those" prohibited by a statutory remedy.  Dale v. Boy Scouts of America, 160 N.J. 562 (1999), rev'd on other grounds, 530 U.S. 640 (2000) (citing N.J.S.A. 10:5-4)).  The Court finds that Plaintiff's wrongful discharge claim would not protect any interest additional to his causes of action under the LAD and ADEA, which both provide an adequate remedy for a discrimination claim.  His wrongful discharge claim is, therefore, duplicative and is dismissed.

### D.   Intentional Deprivation of Economic Interest

Plaintiff's intentional deprivation of economic interest is essentially a tortious interference claim.  Although such claims are referred to by various names, the elements required to establish these types of claims remain identical.  Regardless,

9

Plaintiff's claim fails because "New Jersey law clearly establishes that an action for tortious interference cannot be maintained 'where the claim is by one party against the other party to the contract and not against a third party interloper who has interfered with the contractual relationship.'" <u>Fregara v. Jet Aviation Business Jets</u>, 764 F.Supp. 940, 955 (D.N.J.)(citing <u>Sandler v. Lawn-A-Mat Chemical and Equipment Corp.</u>, 141 N.J. Super 437, 450 (App. Div. 1976), <u>cert.</u> <u>denied.</u>, 71 N.J. 503 (1976)).  Therefore, Plaintiff cannot maintain this cause of action because Sears cannot interfere with its own employment relationship with Plaintiff.  Sears is entitled to summary judgment on this claim.

**III. <u>CONCLUSION</u>**

For the reasons stated in this Opinion, this Court **grants** Sears's motion for summary judgment.

An appropriate Order accompanies this Opinion.


   /s/ William G. Bassler
WILLIAM G. BASSLER, U.S.S.D.J.


Dated: January 30, 2006

10